Spear, J.
The plaintiff below contended that if he could establish by testimony at the trial that he had tendered security which was in fact good and ought to have been approved, he was entitled to maintain his action, and he offered proof tending to support that claim. But the court of common pleas refused to admit the testimony, holding that the option to approve the sufficiency of the sureties on the notes tendered by Hamilton in payment, rested with the administrator and to.be determined finally by him, and the cause seems to have turned in that court upon that question *88 alone. With this holding the circuit court did not agree, and reversed the judgment on this ground. As we view the record a question of importance must be considered and determined before the correctness of that holding is reached in its order.
The question above referred to relates to the completion of the alleged sale. The facts are to be assumed as given by the testimony of Hamilton, taken in connection with the admitted facts of other portions of the record. It is shown without controversy, that the alleged sale was that of an administrator, and that the terms were to be nine months’ credit with approved security. This was in consonance with the terms of the statute which permits a credit of nine months where the amount purchased exceeds three dollars, and requires the administrator to take notes or bonds with two or more approved sureties. This length of credit was the longest permitted by the statute, and the administrator was without authority to make more favorable terms as to sureties, and the evidence shows this to have been clearly understood by the parties. Manifestly, therefore, the sale could not, in law, be deemed complete until these terms had been satisfied. As expressed by Hamilton: “This was a sale if there was security given; if there was not security given by ten o’clock the next day he would go on; the defendant would go on and sell — would offer the property again for sale.” And that was what was done. That is, the administrator, not approving of the sureties offered, refused to accept the notes and thus, whether rightfully or wrongfully we need not now inquire, refused to complete the sale. The basis of the plaintiff’s claim being the ownership in and right to possession of the goods, in other words that he had acquired title to them, it was incumbent on *89 him to show that the title had passed to him. If it had not, he had no right to possession. Did the admitted facts warrant the conclusion as matter of law, that the title had passed?
The distinction between a bargain and sale and a conditional sale is a vital one. If by the terms of the agreement the property in the thing sold is intended to pass immediately to the buyer, the contract is a bargain and sale; but if the property in the goods was to remain for the time being in the seller and only to pass to the buyer at a future time, or on the fulfillment of certain conditions, then the contract is an executory agreement. The question of when, and under what circumstances, á transaction amounts to a complete sale, and when only to a conditional sale, has been the subject of extended discussion since the commencement of the growth of the common law, and the number of cases bearing generally upon the subject is legion. An extended search, however, fails to find a reported case which can be said to be on all fours with the one at bar. But it is believed that a principle announced in text-books, and based upon decisions of courts of high authority, is determinative of the question here presented. In Benjamin on Sales, the author, at page 270, gives three rules applicable to conditional sales, viz.: (1) Where by the agreement the vendor is to do anything to the goods for the purpose of putting them, into that state in which the purchaser is to be bound to accept them, or, as it is sometimes worded, into a deliverable state, the performance of those things shall, in the absence of circumstances indicating a contrary intention, be taken to be a condition precedent to the vesting of the property. (2) Where anything remains to be done to the goods for the purpose of ascertaining the price, as by weighing, measuring, *90 or testing the goods, where the price is to depend on the quantity or quality of the goods, the performance of these things also shall be a condition precedent .to the transfer of the property, although the individual goods be ascertained and they are in a state in which they ought to be accepted. (3) Where the buyer is by the terms bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled even though the goods may have been actually delivered into the possession of the buyer.”
Professor Mechem, in his work on Sales, volume 1, page 2, defines the distinction in this wise: “The bargaining of parties respecting a transfer of title may take a variety of forms. Thus there may be an agreement whose legal effect is the immediate transfer of the absolute or general title. This is a sale, called sometimes, for the purpose of further distinction, a present sale, an executed sale, or a bargain and sale. Or there may be an agreement whose legal effect is that the title shall not pass until a future time, either because in the case of an ascertained chattel, something remains to happen or be performed which the parties have treated as precedent, or because the particular chattel whose title is to be so transferred has not yet been ascertained. This is an agreement to sell, called, often, for the purposes of distinction, an executory sale. It does not become a sale until the precedent event has happened, or until the condition has been performed. It then becomes a sale by force of the present agreement aided or completed by the happening of that event or the performance of that condition.”
*91 A ease somewhat in point is that of McDonald v. Hewett, 15 Johns., 349. This was an action of trover for timber. Plaintiff and A. entered into a written contract which stated that plaintiff had bought of A. certain timber tó be paid for at fair market price at the measurement in the city of New York, when it was delivered and inspected; also that the amount should be endorsed on notes which plaintiff held against A., and if it exceeded the amount of the notes, the balance to be paid in cash. The defendant took the timber to New York, but refused to deliver it, and transferred it to another. The court held the transaction to be an executory agreement, which did not vest the property in the timber in the plaintiff and that he could not maintain an action in trover against a third person for its conversion. The syllabus is: “Where after a sale of goods some act remains to be done by the vendor before delivery, the property does not vest in the vendee, but continues at the risk of the vendor.” In the opinion, Spencer, J., cites Busk v. Davis, 2 M. & S., 397, and Shepley v. Davis, 5 Taunt, 621, as “full to the point that if any act remains to be done by the vendor before delivery, the property does not pass,” and the cases sustain the proposition.
The rule is given in Tarling v. Baxter, 6 B. & C., 360, by Holroyd, J., thus: “Now, in case of a sale of goods, if nothing remains to be done on the part of the seller, as between him and the buyer, before the thing purchased is to be delivered, the property in the goods immediately passes to the buyer, and that in the price to the seller; but if any act remains to be done on the part of the seller, then the property does not pass until that act has been done.” And by Bailey, J., in the same case: “The rule of law is, that where there is an immediate sale, and nothing remains to be done by the *92 vendor as between him and tbe vendee, tbe property in the thing sold vests in the vendee.”
Upon the question of title under the head,-“where the title has not passed,” Professor Mechem, Sec. 1716, observes: “The simplest form, perhaps, of the seller’s breach of contract is that which is presented when, wiiile the contract remains wholly executory, he fails or refuses to proceed with its performance. Usually and naturally the goods will not have been delivered, but will still remain in the possession of the seller.” And, at section 1734 the author remarks: “In the cases in which specific performance cannot be enforced, the remedy of the buyer for the seller’s breach of his agreement to sell and convey must be sought at law. The buyer in the contingency now being considered — breach before the transfer of title — can obviously not recover the goods, for, by the hypothesis, the title has not vested in him.”
In the present case there did remain something not only for the buyer to do before a sale should be effected, but there remained something for the vendor to do. He was, in the discharge of the duty enjoined by his trust position bound to exercise his judgment upon the security which the buyer might offer. He could not, in disregard of this duty, blindly take what might be tendered and turn over the property of the estate, and this fact was well known to both the parties. It then follows that neither could have understood that the sale could be regarded as complete until that duty had been discharged by the administrator, and the further conclusion would also follow that without a decision favorable to the buyer, the sale would not be complete and hence title would not pass. Our conclusion is that the. principle announced controls the case, and *93 that there was no completed sale and that the title to the goods did not pass to the bidder.
We are aware that there are cases, and many of them, which hold that where all the terms are complete save payment, and where, at the proper time and in the proper way, the buyer tenders payment, the title vests in him and he has the right to recover the goods in specie. But these cases rest upon the principle that the contract is complete when the minds of the parties have met upon the terms, the unconditional promise of one being a sufficient consideration for the unconditional promise of the other, and it Avould. seem plain that the rule will not apply where the vendor is to do something in the future, as in the present case, to complete the sale.
We are of opinion that, Avhether the ground of the holding of the common pleas was or not correct —:and upon that we are not now required to pass — the judgment was correct, and that in reversing that judgment the circuit court erred. The latter judgment will be reversed and that of the common pleas affirmed.

Reversed.

Williams, C. J:, Bukket, Davis, Shauok and Price, JJ., concur.